UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE LEIKAM MARVIN,

Plaintiff,

v.

JENIFER MARIE DOLAN,

Defendant.

CASE NO. 3:26-cv-06149-BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Grady Leupold's Order granting pro se plaintiff George Marvin's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court the evaluation of whether Marvin's complaint asserts a plausible claim and should be served. Dkt. 2 (citing 28 U.S.C. § 1915(e)(2)(B)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Marvin alleges that on October 20, 2025, his Lakewood Washington dentist, defendant Dolan, put dental adhesive in his mustache as a "prank," causing him pain and embarrassment. He appears to have plausibly plead the "who, what, when, where, why, and how" of a tort claim. Marvin does not, however, plausibly plead a claim over which this court has subject matter jurisdiction. He asserts his damages exceed $75,000, but he does not, and apparently cannot, assert that his dentist/oral surgeon is domiciled in a different state. Federal diversity jurisdiction requires complete diversity between adverse parties. *Teledyne, Inc. v. Kone Corp*, 892 F.2d 1404, 1408 (9th Cir. 1989). An individual

is a citizen of their state of domicile. *See, e.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Marvin alleges he was at his regular dental appointment with his dentist, defendant Dolan, in Lakewood, Washington. He does not allege, plausibly or otherwise, that the parties are citizens of different states.

Marvin's *in forma pauperis* status is REVOKED, and this matter is DISMISSED without prejudice for lack of subject matter jurisdiction. The clerk shall close the case.

IT IS SO ORDERED.

Dated this 30th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge